**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **TIMOTHY E. ROSENBERG and DEBBIE ROSENBERG,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **CASE NO. 05-cv-0545-MJR** |
| **COTTRELL, INC., CASSENS & SONS, INC., CASSENS CORPORATION, ALLEN CASSENS, ALLEN CASSENS TRUST, A.C. LEASING COMPANY, DAIMLERCHRYSLER CORPORATION, TOYOTA INDUSTRIES NORTH AMERICA, INC. and GENERAL MOTORS CORPORATION,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

Plaintiffs filed their initial complaint against Defendants Cottrell, Inc., Cassens & Sons, Inc., Cassens Corp., Allen Cassens, Allen Cassens Trust, A.C. Leasing Co., DaimlerChrysler Corp., Toyota Industries North America, Inc., and General Motors Corp. in the Circuit Court for the Third Judicial Circuit of Illinois in Madison County on April 25, 2005. Timothy Rosenberg is an employee of the Cassens Transport Company (it is unclear whether this is an alias of a current defendant or a separate entity). He operates trailers that haul cars, requiring the use of a chain and ratchet tie down system. He alleges in his initial complaint that on or about April 28, 2003, and again on March 25, 2005, he suffered lower back and other permanent injuries while using the system in

the normal course of his employment duties, that they have reduced his capacity to earn a living, and that as a result of his injuries, he will have to expend significant amounts of money on medical care and vocational retraining. Rosenburg states that his injuries were due to a defect in the chain and ratchet system. His wife, Plaintiff Debbie Rosenberg, alleges that due to Timothy's injuries, she has lost his support and services.

In their complaint, Plaintiffs name nine defendants. The first defendant is Cassens & Sons, Inc., the alleged seller and/or distributor of the trailer. Cassens & Sons is a corporation that is a citizen of Illinois.

The second defendant is Cassens Corporation, another alleged seller and/or distributor of the trailer. Cassens Corporation is also a corporation that is a citizen of Illinois. Plaintiff alleges that Cassens Corporation used the various Cassens-named Defendants, members of the boards of same, and members of Allen Cassens' family as alter egos of itself.

The third defendant is Allen Cassens, an individual and a citizen of Illinois, and the alleged owner and lessor of the trailer.

The fourth defendant is the Allen Cassens Trust, which Plaintiff alleges placed dangerous chain and ratchet components into the stream of commerce. The Allen Cassens Trust is an entity (of unknown type) that is a citizen of Illinois.

The fifth defendant is A.C. Leasing Company, which Plaintiff alleges placed dangerous chain and ratchet components into the stream of commerce. The A.C. Leasing Company is a corporation that is an Illinois citizen. These first five defendants are collectively referred to as the "Cassens Defendants."

The sixth defendant is Cottrell, Inc., the alleged manufacturer of the trailer. Cottrell,

Inc. is a corporation that is a citizen of the state of Georgia. Cottrell does business in Illinois.

The seventh defendant is DaimlerChrysler Corporation ( "DaimlerChrysler"), formerly known as Chrysler Corporation and as American Motors Corporation. Plaintiff alleges that DaimlerChrysler assumed a duty of care to him when it specified standards for the trailers that would carry the vehicles it manufactures and that it negligently breached that duty in not ensuring that the trailers were safe. DaimlerChrysler is a corporation that is a citizen of both Delaware and Michigan. DaimlerChrysler does business in Illinois.

The eighth defendant is General Motors Corporation ( "GM"). Plaintiff alleges that GM assumed a duty of care to him when it specified standards for the trailers that would carry the vehicles it manufactures and that it negligently breached that duty in not ensuring that the trailers were safe. GM is a corporation that is a citizen of both Delaware and Michigan. GM does business in Illinois.

The ninth defendant is Toyota Industries North America ( "TINA"). Plaintiff alleges that TINA assumed a duty of care to him when it specified standards for the trailers that would carry the vehicles it manufactures and that it negligently breached that duty in not ensuring that the trailers were safe. TINA is a corporation that is a citizen of both Delaware and Illinois.

Plaintiffs filed their initial complaint (Doc. 2) in the Circuit Court of Madison County, Illinois, on April 25, 2005. On July 5, 2005, several of the Cassens Defendants filed motions for summary judgment, alleging that they were in no way involved in any transaction placing the trailer at issue into the stream of commerce or otherwise giving rise to the alleged injuries. These allegations have been reintroduced in Defendants' notice of removal. Additionally, TINA alleges in the notice of removal that it owed no duty to Plaintiff and thus that as a matter of

law, Plaintiff cannot state a claim against it. If none of these Defendants were parties in this matter, complete diversity would exist and the case would be removable to federal district court pursuant to **28 U.S.C. §§1332(a)** and **1441**, provided that it satisfies the jurisdictional amount requirement of **§1332(a)**. Generally, **28 U.S.C. §1446(b)** requires that a defendant file a notice of removal within thirty (30) days of the defendant's receipt of the initial pleading or a summons. However, when an action would not be removable upon the initial pleading but later becomes so, a defendant may file a notice of removal within thirty days of the date the defendant first ascertains that the action is removable. *Id.* In this case, Defendants Cottrell, DaimlerChrysler and General Motors allege that they first ascertained that the case was removable on July 5, 2005, when the Cassens Defendants and TINA filed their summary judgment motions. As a result, Defendant Cottrell filed a notice of removal (Doc. 1) on August 3, 2005. The other diverse Defendants consented to removal (Docs. 4-6). The removing Defendants claim that the reason they could not ascertain that the action was removable is that the nondiverse Defendants were fraudulently joined to prevent removal of the action, and that the removing Defendants first became aware of these facts upon the summary judgment motions of the nondiverse defendants.

The Court must now conduct a threshold jurisdictional review of this matter. The principal purpose of the threshold review is to ascertain whether subject matter jurisdiction properly lies. ***See, e.g., Wis. Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986)("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.").** The party invoking federal jurisdiction bears the burden of demonstrating that all jurisdictional requirements have been met. ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).** In the case at bar, the Court is satisfied

that the amount in controversy exceeds $75,000. However, several issues remain for resolution before the Court can ascertain whether it enjoys proper subject matter jurisdiction.

The first outstanding issue is whether complete diversity exists, which requires an examination of whether the nondiverse Defendants were fraudulently joined. Fraudulent joinder is joinder solely to defeat federal jurisdiction. ***Schwartz v. State Farm Mut. Auto Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999), *quoting Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)("Such joinder is considered fraudulent, and is therefore disregarded, if the out-of-state-defendant can show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'").** *Poulos* went on to hold that:

> Out-of-state defendants seeking removal to federal district court face a very high hurdle in proving fraudulent joinder of nondiverse defendants: An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff[(s)], the plaintiff[(s)] cannot establish a cause of action against the in-state defendant[(s)].

**959 F.2d at 73.** The Court thus requires more information to determine whether the nondiverse Defendants were fraudulently joined. Specifically, the parties should provide facts and precedent related to whether the nondiverse Defendants were in fact fraudulently joined and whether TINA can in fact be dismissed as a defendant.

The second outstanding issue is whether the diverse Defendants satisfied the timeliness requirement of **28 U.S.C. §1446(b)**. Even assuming *arguendo* that the nondiverse

Defendants were fraudulently joined, it is unclear to the Court that the diverse Defendants could not have ascertained within thirty days of the initial pleading that the case might be removable to federal district court. An explanation is necessary to determine why this was the case.

Accordingly, the Court **DIRECTS** Defendant Cottrell, Inc. to file a "Jurisdictional Brief" **on or before September 5, 2005**, specifically addressing the issues of timeliness of removal and fraudulent joinder. The Court further **DIRECTS** Plaintiffs to file a brief in response to Defendant's jurisdictional brief **on or before September 19, 2005**. The Court **GRANTS** Defendants' motion for extension of time to file responsive pleading (Doc. 9) and **DIRECTS** Defendants to answer or otherwise respond within **thirty days** of the Court's ruling on the issue of fraudulent joinder.

**IT IS SO ORDERED.**

**DATED this 25th day of August, 2005.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**