UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIMOTHY E. ROSENBURG and DEBBIE ROSENBURG,** ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 05-545-MJR |
| **COTTRELL, INC.; DAIMLER-CHRYSLER CORPORATION f/k/a CHRYSLER CORPORATION f/k/a AMERICAN MOTORS CORPORATION; TOYOTA MOTOR SALES, INC.; and GENERAL MOTORS CORPORATION,** ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## ORDER

**REAGAN, District Judge:**

Before the Court is Plaintiffs' Motion for Summary Judgment on Certain Affirmative Defenses (Doc. 122). Plaintiffs move the Court to grant summary judgment in favor of Plaintiffs and against Defendant Cottrell on affirmative defenses 4-10, 15, 16 and 22-34. For the reasons that follow, the Court will deny Plaintiffs' motion.

### I. Factual & Procedural Background

On April 25, 2005, Plaintiffs Timothy and Debbie Rosenburg initiated this cause of action by filing a complaint in the Circuit Court for the Third Judicial Circuit of Illinois in Madison County, Illinois, against Defendants Cottrell, Inc. ("Cottrell"), Cassens & Sons, Inc., Cassens Corporation, Allen Cassens, Allen Cassens Trust, A. C. Leasing Company, Daimler-Chrysler Corporation f/k/a Chrysler Corporation f/k/a American Motors Corporation, Toyota Industries North

1

America, Inc., and General Motors Corporation (*see* Doc. 2). Defendant Cottrell removed the case to this Court on August 3, 2005. (Doc. 1). Pursuant to the Court's Order of March 15, 2006, defendants Cassens & Sons, Inc., Cassens Corporation, Allen Cassens, Allen Cassens Trust and A. C. Leasing Company were dismissed from this matter. (Doc. 97). In that same Order, this Court determined that it enjoys subject matter jurisdiction over this cause of action. *Id.* On June 15, 2006, the Court dismissed Toyota Industries North America, Inc., and ordered Plaintiffs to file an amended complaint. The action now proceeds on Plaintiffs' Second Amended Complaint, filed June 23, 2006. (Doc. 117).

Plaintiff Timothy Rosenburg is an employee of the Cassens Transport Company (which is not a party to the current litigation). He operates trailers that haul cars, requiring the use of a chain and ratchet tie down system. He alleges that, on or about April 28, 2003, and again on March 23, 2005, he suffered severe and permanent injuries while using the system in the normal course of his employment duties, that those injuries have reduced his capacity to earn a living, and that, as a result of those injuries, he will have to expend significant amounts of money on medical care and vocational retraining. Mr. Rosenburg asserts that his injuries were due to a defect in the chain and ratchet system. His wife, Debbie Rosenburg, alleges that, due to Mr. Rosenburg's injuries, she has been and continues to be deprived of his support and services.

In support of Plaintiffs' motion, they state that twenty-three of Cottrell's thirty-five affirmative defenses are not brought in good faith and lack factual basis. Plaintiffs state that they tendered an interrogatory to Cottrell seeking "all facts known which support your affirmative defenses." On August 22, 2005, Cottrell responded that it was unable to identify all facts supporting each of its affirmative defenses but that it would supplement as discovery continued.

According to Plaintiffs, no supplement has been received. Plaintiffs assert that no facts support the following defenses: statute of limitations/statute of repose; failure to identify one or more indispensable parties; intervening acts; and alteration of the trailer. Plaintiffs also assert that the following affirmative defenses are legally and factually insupportable: unconstitutionality of the Illinois Joint and Several Liability statute; failure to state a claim; federal pre-emption; and unconstitutionality of punitive damages.

Cottrell responds that summary judgment is premature and additional discovery is needed. Cottrell states that, at the time that it removed this matter, on August 3, 2005, very little discovery had occurred and, since removal, discovery was closed because the Rule 16 conference was not set and the parties had not conferred pursuant to FED. R. CIV. P. 26(f). Cottrell submits the affidavit of its counsel stating that 1) discovery just opened since the case is in federal court; 2) no depositions have occurred in this matter, including those of Plaintiffs; and 3) no expert reports have been exchanged and no expert depositions have occurred. Affidavit, Exhibit B.

**II.     Analysis**

Plaintiffs seek summary judgment pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 56.** Summary judgment is proper if the pleadings, depositions, interrogatory answers, admissions, and affidavits leave no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. **FED. R. CIV. P. 56(c).** The moving party bears the burden of establishing both the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metropolitan Life Ins. Co.*, **123 F.3d 456, 461 (7th Cir. 1997).**

In determining whether a genuine issue of material fact exists, the Court reviews the record in the light most favorable to the non-moving party and makes all reasonable inferences in

the non-movant's favor. ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986);** ***Ulichny v. Merton Community School Dist.*, 249 F.3d 686, 699 (7th Cir. 2001);** ***Miranda v. Wisconsin Power & Light Company*, 91 F.3d 1011, 1014 (7th Cir. 1996).**

The appropriate procedure for challenging an affirmative defense is by a motion to strike. ***See Bobbitt v. Victorian House, Inc.*, 532 F.Supp. 734 (N.D. Ill. 1982) (*citing* 5 Wright and Miller, *Federal Practice and Procedure* § 278 at 351-52).** Affirmative defenses will be stricken "only when they are insufficient on the face of the pleadings." ***Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d1286, 1294 (7th Cir. 1989).** "Motions to strike 'are not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" ***Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (*quoting Glenside West Corp. v. Exxon Co.*, 761 F.Supp. 1100, 1115 (D.N.J. 1991) (further citations omitted).** In *Heller*, the Seventh Circuit adopted the three-part test set out it in *Bobbitt* for evaluating whether asserting a particular affirmative defense is appropriate. ***Heller*, 883 F.2d at 1294 (*citing Bobbitt*, 532 F.Supp. at 737).** The Court must determine 1) whether the matter is appropriately pled as an affirmative defense; 2) whether it meets the pleading requirements of **FEDERAL RULES OF CIVIL PROCEDURE 8** and **9**; and 3) whether the affirmative defense would withstand a challenge under a standard identical to **Rule 12(b)(6)**. If Defendant can prove no set of facts in support of the affirmative defense that would defeat the complaint, the defense will be stricken as legally insufficient. ***Heller,* 883 F.2d at 1295.**

First, the Court finds that Cottrell's affirmative defenses are properly pleaded in that there are no mistitled or redundant matters. Second, Cottrell's affirmative defenses meet the

4

pleading requirements of **Rules 8** and **9** in that they set forth a short and plain statement of the various affirmative defenses asserted. **FED. R. CIV. P. Rules 8, 9** and **Appendix of Forms, Form 20**. Third, whether any of the affirmative defenses would withstand a challenge under **Rule 12(b)(6)** cannot be determined at this time because Plaintiffs' motion is premature.

The basis for Plaintiffs' assertions is that Cottrell has no evidence to support its affirmative defenses. Given that Plaintiffs' motion was filed before any significant discovery took place, or could have taken place under the Rules, it is unsurprising that evidence was not available. Plaintiffs speculate in advance of the evidence and, thus, fail to establish that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law on these affirmative defenses.

Viewing the record in the light most favorable to Cottrell and making all reasonable inferences in Cottrell's favor, the Court finds that the aforementioned genuine disputes of material fact preclude summary judgment. *See Anderson,* **477 U.S. at 255.** Accordingly, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 56,** the Court **DENIES** Plaintiffs' Motion for Summary Judgment on Certain Affirmative Defenses (Doc. 122). This Order should not be construed by Defendants as the Court's approving "kitchen sink" pleading where unsubstantiated defenses are raised without a good faith basis to do so.

**IT IS SO ORDERED.**

**DATED this 11th day of December, 2006.**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**