UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIMOTHY E. ROSENBURG and DEBBIE ROSENBURG,** ) ) ) | |
| **Plaintiffs,** ) ) | |
| v. ) ) | Case No. 05-545-MJR |
| **COTTRELL, INC., DAIMLER-CHRYSLER CORPORATION f/k/a CHRYSLER CORPORATION f/k/a AMERICAN MOTORS CORPORATION, TOYOTA MOTOR SALES, INC., and GENERAL MOTORS CORPORATION,** ) ) ) ) ) ) ) ) | |
| **Defendants.** ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

### I.   Introduction and Background

On April 25, 2005, Plaintiffs Timothy and Debbie Rosenburg initiated this cause of action by filing a complaint in the Circuit Court for the Third Judicial Circuit of Illinois in Madison County, Illinois, against Defendants Cottrell, Inc. ("Cottrell"), Cassens & Sons, Inc., Cassens Corporation, Allen Cassens, Allen Cassens Trust, A. C. Leasing Company, Daimler-Chrysler Corporation f/k/a Chrysler Corporation f/k/a American Motors Corporation, Toyota Industries North America, Inc., and General Motors Corporation (Doc. 2). Defendant Cottrell removed the case to this Court on August 3, 2005. (Doc. 1). Pursuant to the Court's Order of March 15, 2006, defendants Cassens & Sons, Inc., Cassens Corporation, Allen Cassens, Allen Cassens Trust and A. C. Leasing Company were dismissed from this matter. (Doc. 97). In that same Order, this Court determined that it enjoys subject matter jurisdiction over this cause of action. *Id.* On June 15, 2006,

the Court dismissed Toyota Industries North America, Inc., and ordered Plaintiffs to file an amended complaint. The action now proceeds on Plaintiffs' Second Amended Complaint, filed June 23, 2006. (Doc. 117).

Plaintiff Timothy Rosenburg is an employee of the Cassens Transport Company (which is not a party to the current litigation). He operates trailers that haul cars, requiring the use of a chain and ratchet tie down system. He alleges that, on or about April 28, 2003, and again on March 23, 2005, he suffered severe and permanent injuries while using the system in the normal course of his employment duties, that those injuries have reduced his capacity to earn a living, and that, as a result of those injuries, he will have to expend significant amounts of money on medical care and vocational retraining. Mr. Rosenburg asserts that his injuries were due to a defect in the chain and ratchet system. His wife, Debbie Rosenburg, alleges that, due to Mr. Rosenburg's injuries, she has been and continues to be deprived of his support and services. Now pending before the Court is Defendant Cottrell, Inc.'s, summary judgment motion, which the parties have fully briefed.

## II.   Standard Governing Summary Judgment Motions

Summary judgment is proper if the pleadings, depositions, interrogatory answers, admissions, and affidavits reveal that there is no genuine issue as to any material fact *and* that the moving party is entitled to judgment as a matter of law. **FED. R. CIV. P. 56(c);** *Vukadinovich v. Board of Sch. Tr. of North Newton Sch. Corp.*, **278 F.3d 693, 698 (7th Cir.),** *cert. denied*, **537 U.S. 876 (2002).** The moving party bears the burden of establishing both the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metropolitan Life Ins. Co.*, **123 F.3d 456, 461 (7th Cir. 1997)**.

In determining whether a genuine issue of material fact exists, the Court reviews the record in the light most favorable to the non-moving party and makes all reasonable inferences in the non-movant's favor. ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986);** *Ulichny v. Merton Community School Dist.*, 249 F.3d 686, 699 (7th Cir. 2001); *Miranda v. Wisconsin Power & Light Company*, 91 F.3d 1011, 1014 (7th Cir. 1996).**

Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-movant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. ***Oest v. IDOC*, 240 F.3d 605, 610 (7th Cir. 2001);** *Moore v. J.B. Hunt Transport, Inc*., 221 F.3d 944, 950 (7th Cir. 2000).** Stated another way, to successfully oppose summary judgment, the nonmovant must present definite, competent evidence in rebuttal. ***Vukadinovich*, 278 F.3d at 699.**

### III.  Analysis

Cottrell argues that it is entitled to summary judgment because Plaintiffs have no competent evidence that a specific defect in the Cottrell trailer proximately caused Plaintiff's accidents.

Under Illinois law, proximate cause is an essential element of a products liability action. "Under both strict liability and negligence, a proximate cause is one that produces an injury through a natural and continuous sequence of events unbroken by any effective intervening cause." ***Kleen v. Homak Mfg. Co., Inc.*, 321 Ill.App.3d 639, 641, 749 N.E.2d 26, 29 (Ill.App.Ct. 2001) (citing** *Unger v. Eichleay Corp*., 244 Ill.App.3d 445, 614 N.E.2d 1241, 1246 (1993)**).** "Proximate cause is composed of two distinct requirements: legal cause and cause in fact." ***Id*. (citations omitted)**.  Legal cause is a question of foreseeability; cause in fact is a question of whether the injury would have occurred, absent defendant's conduct. ***Id.*** The issue of proximate causation is

only proper for disposition in a motion for summary judgment where no material issue of fact remains or only one clearly evident which can be reached; it is, otherwise, best left to the trier of fact. *Id*. **(citation omitted)**.

Cottrell contends that it is entitled to summary judgment because the Rosenburgs cannot prove causation. Specifically, Cottrell argues that the Rosenburgs' expert should be barred from testifying[1] and that, in any case, her opinion fails to address the seminal questions of why the chains moved, snapped or released in either accident. Cottrell also argues that Rosenburg's claim that he was injured when the chain "snapped" and "moved" at the time of both injuries is an unsupported assumption that his injury was caused by a defect in the chain and ratchet system. According to Cottrell, the Rosenburgs lack any evidence that the alleged defect in any way proximately caused Rosenburg's accident.

The Rosenburgs counter that the real issue is not proximate cause but whether they are entitled to argue that the design was defective because Cottrell failed to adopt reasonable alternative designs that would have prevented the injury. They contend that Illinois law does not require proof of specific causation, that they can prove their case through circumstantial evidence and that they are not required to disprove all other possible causes. The Rosenburgs assert that the defects in the ratchet and tie down system are the high force levels necessary to operate the system and the propensity for sudden releases, which are not supposed to be present in such systems. The Rosenburgs allege that these are the causes of Rosenburg's injury.

Examining the record, drawing reasonable inferences and resolving factual disputes in favor of the Rosenburgs, the Court finds that there remains a question of fact as to whether

---

[1] Because this issue is not dispositive of Cottrell's summary judgment motion, the Court will address it by separate Order.

Rosenburg's accident was caused by a design defect or by user negligence, which precludes a grant of summary judgment in Cottrell's favor based on its proximate causation argument.

### IV.   Conclusion

For the above-stated reasons, the Court **DENIES** Defendant Cottrell's Motion for Summary Judgment (Doc. 159).

**IT IS SO ORDERED.**

**DATED this 6th day of April, 2007**

                                                **s/Michael J. Reagan**
                                                **MICHAEL J. REAGAN**
                                                **United States District Judge**