UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIMOTHY E. ROSENBURG and** ) | |
| **DEBBIE ROSENBURG,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 05-545-MJR |
| ) | |
| **COTTRELL, INC., DAIMLER-** ) | |
| **CHRYSLER CORPORATION** ) | |
| **f/k/a CHRYSLER CORPORATION** ) | |
| **f/k/a AMERICAN MOTORS** ) | |
| **CORPORATION, TOYOTA MOTOR** ) | |
| **SALES, INC., and GENERAL** ) | |
| **MOTORS CORPORATION,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

Before the Court is Defendant Cottrell, Inc.'s, motion for summary judgment (Doc. 182). The motion is fully briefed and ready for disposition.

**I.     Introduction and background**

Plaintiff Timothy Rosenburg ("Rosenburg") alleges that, while performing his normal work duties as a car hauler, he was injured during the operation of a chain and ratchet tie down system on a rig designed and distributed by Defendant Cottrell. He seeks recovery against Cottrell based on theories of strict liability, negligence and breach of implied warranty. Rosenburg's wife, Debbie Rosenburg, brings a claim for loss of consortium.

The bases for Cottrell's motion are twofold: 1) if the Court grants Cottrell's motion to bar the Rosenburgs' expert, Linda Weseman, the Rosenburgs will be left with no admissible

1

expert testimony to support any claim against Cottrell; and 2) the Rosenburgs' breach of warranty claim fails because of the express exclusion of any implied warranty by Cottrell. On April 10, 2007, the Court denied Cottrell's motion to bar Ms. Weseman from testifying. *See* Doc. 238.

## II.     Standard for summary judgment

Summary judgment is proper if the pleadings, depositions, interrogatory answers, admissions, and affidavits leave no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. **FED. R. CIV. P. 56(c).** The moving party bears the burden of establishing both the absence of fact issues and entitlement to judgment as a matter of law. ***Santaella v. Metropolitan Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997).** In determining whether a genuine issue of material fact exists, the Court reviews the record in the light most favorable to the non-moving party and makes all reasonable inferences in the non-movant's favor. ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986);** *Ulichny v. Merton Community School Dist.*, 249 F.3d 686, 699 (7th Cir. 2001); *Miranda v. Wisconsin Power & Light Company*, 91 F.3d 1011, 1014 (7th Cir. 1996).**

Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-movant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. ***Oest v. IDOC*, 240 F.3d 605, 610 (7th Cir. 2001);** *Moore v. J.B. Hunt Transport, Inc*., 221 F.3d 944, 950 (7th Cir. 2000).**

## III.    Analysis

Upon careful review of Cottrell's motion, the Court concludes that Cottrell's arguments as to failure of proof, strict liability - design defect, failure to warn and negligence fail

because they are based on the assumption that the Court would bar Ms. Weseman from testifying and that the Rosenburgs would, therefore, have no expert testimony to support these claims. Because the Court denied Cottrell's motion to bar Ms. Weseman, summary judgment is inappropriate as to these issues.

Only on the issue of breach of implied warranty did Cottrell provide an independent ground supporting its motion for summary judgment. Cottrell argues that any implied warranties were expressly and conspicuously disclaimed as required by 810 ILCS /2-316.[1] As the party seeking to invoke a warranty exclusion, Cottrell bears the burden of pleading and proving its effect. ***R & L Grain Co. v. Chicago Eastern Corp*., 531 F.Supp. 201, 208 (N.D.Ill. 1981)**. Furthermore, warranty exclusions are strictly construed against the author. ***Id***.

Cottrell's citation to 810 ILCS 5/2-316, while applicable, is unhelpful to its position. Section 2-316 requires that "all written disclaimers of the implied warranties of merchantability or fitness must be conspicuous." ***R.O.W. Window Co. v. Allmetal, Inc*. 367 Ill.App.3d 749, 753, 856 N.E.2d 55, 59 (Ill.App.Ct. 2006) (citing 810 ILCS 5/2-316(3)(a));** *see also* **MAN Roland Inc. v. Quantum Color Corp*.  57 F.Supp.2d 568, 573 (N.D.Ill.1999)**. "Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color." ***MAN Roland,* 57 F.Supp. at 573**. The limitation of warranties submitted by Cottrell to the Court consists of two pages of type, all in capital letters with no variation in the size or color of type and, thus, with nothing "conspicuous" in any part of the document. *See* Doc. 182, Ex. B.  Thus, the Court finds that the

---

[1] The Court assumes that Cottrell's references, in its Reply, to "Jack Cooper" are scrivener's errors.  Jack Cooper Transport Company was not a party to this action but has been a co-defendant with Cottrell in other actions.  *See, e. g., Polson v. Cottrell, Inc.,* Case No. 3:04-cv-0882-DRH (S.D.Ill.).

disclaimer is not conspicuous within the meaning of section 2-316.  Cottrell has failed to carry its burden of pleading and proving the effectiveness of its warranty exclusion.

Cottrell's remaining arguments are circular, in that they rely on the disclaimer of implied warranties by Cottrell, a disclaimer that the Court has found to be ineffective.

### IV.     Conclusion

For the above-stated reasons, the Court **DENIES** Defendant Cottrell, Inc.'s, motion for summary judgment (Doc. 182).

**IT IS SO ORDERED.**

**DATED this 13th day of April, 2007**

                                   **s/Michael J. Reagan**
                                   **MICHAEL J. REAGAN**
                                   **United States District Judge**