UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY E. ROSENBURG and DEBBIE ROSENBURG, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 05-545-MJR |
| COTTRELL, INC., DAIMLER-CHRYSLER CORPORATION f/k/a CHRYSLER CORPORATION f/k/a AMERICAN MOTORS CORPORATION, TOYOTA MOTOR SALES, INC., and GENERAL MOTORS CORPORATION, ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

Before the Court is Defendant Cottrell, Inc.'s, motion for summary judgment on punitive damages (Doc. 184). The motion is fully briefed and ready for disposition.

### I.   Introduction and background

Plaintiff Timothy Rosenburg ("Rosenburg") alleges that, while performing his normal work duties as a car hauler, he was injured during the operation of a chain and ratchet tie down system on a rig designed and distributed by Defendant Cottrell. He seeks recovery against Cottrell based on theories of strict liability, negligence and breach of implied warranty. Rosenburg's wife, Debbie Rosenburg, brings a claim for loss of consortium.

The bases for Cottrell's motion are threefold: 1) other courts have found that the Rosenburgs' proof does not show that Cottrell is guilty of conduct warranting submission of

1

punitive damages to the jury; 2) the Rosenburgs cannot meet their burden to show conduct rising to a level sufficient to warrant punitive damages under Illinois law; and 3) the Rosenburgs cannot produce evidence sufficient to meet the requirements of the 14th Amendment to the U. S. Constitution.

## II.     Standard for summary judgment

Summary judgment is proper if the pleadings, depositions, interrogatory answers, admissions, and affidavits leave no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. **FED. R. CIV. P. 56(c).** The moving party bears the burden of establishing both the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metropolitan Life Ins. Co.*, **123 F.3d 456, 461 (7th Cir. 1997).** In determining whether a genuine issue of material fact exists, the Court reviews the record in the light most favorable to the non-moving party and makes all reasonable inferences in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255 (1986);** *Ulichny v. Merton Community School Dist.*, **249 F.3d 686, 699 (7th Cir. 2001);** *Miranda v. Wisconsin Power & Light Company*, **91 F.3d 1011, 1014 (7th Cir. 1996).**

Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-movant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. *Oest v. IDOC*, **240 F.3d 605, 610 (7th Cir. 2001);** *Moore v. J.B. Hunt Transport, Inc.*, **221 F.3d 944, 950 (7th Cir. 2000).**

## III.    Analysis

In a diversity case such as this one, state law governs the appropriateness of punitive damages. ***Republic Tobacco Co. v. North Atlantic Trading Co., Inc.*, 381 F.3d 717, 735 (7th Cir. 2004)**. Under Illinois law, the measurement of punitive damages is a jury question, but the preliminary question of whether the facts of a particular case justify the imposition of punitive damages is a matter of law. ***Brandon v. Anesthesia & Pain Mgmt. Assocs., Ltd.*, 277 F.3d 936, 946 (7th Cir. 2002) (quotations and citations omitted)**. The Illinois Supreme Court, in general, does not favor punitive damages, and ". . . such damages may only be awarded where plaintiffs demonstrate that the defendant's conduct was willful and wanton or outrageous or that the defendant acted with actual malice, fraud, deliberate violence, or gross negligence indicative of a wanton disregard for the rights of others." ***Brdar v. Cottrell, Inc.,* ---N.E.2d----, 2007 WL 926368, \*13 -14 (Ill.App.Ct. 2007) (citing *Loitz v. Remington Arms Co.*, 138 Ill.2d 404, 415-16, 563 N.E.2d 397, 402 (1990) (additional citations omitted).**

Cottrell first argues that other courts have found that the Rosenburgs' proof does not show that Cottrell is guilty of conduct warranting submission of punitive damages to the jury. As the Rosenburgs point out, and Cottrell concedes, the Illinois Fifth District Court of Appeals reversed the lower court decision upon which Cottrell based its argument. ***See Brdar*, ---N.E.2d----, 2007 WL 926368**. The provision under which the lower court found punitive damages to be unavailable, 735 ILCS 5/2-1115.05(b) (West 1996), required the plaintiffs to demonstrate by clear and convincing evidence that the defendant acted with evil motive or "a reckless and outrageous indifference to a highly unreasonable risk of harm and with a conscious indifference to the rights and safety of others." ***Id*. at \*13**. The Illinois Supreme Court found that legislation enacting that statute was unconstitutional in its entirety. ***Best v. Taylor Machine Works*, 179 Ill.2d 367, 689**

**N.E.2d 1057 (1997)**.[1]  Since the only case law cited by Cottrell was reversed because it was decided under the wrong standard, Cottrell's argument as to this issue fails.

Cottrell next argues that the Rosenburgs cannot meet their burden to show conduct rising to a level sufficient to warrant punitive damages under Illinois law and the Fourteenth Amendment to the United States Constitution.  Boiled down, Cottrell contends, first, that the Rosenburgs have not established liability; second, that the Rosenburgs have not developed and cannot present competent, admissible evidence to show conduct on the part of Cottrell that rises to the level of outrageous conduct, malice or evil motive; and, third, that the Rosenburgs have failed to develop evidence to show conduct on Cottrell's part that rises to the level of reprehensibility required under the Constitution.

As to the ability of the the Rosenburgs to establish liability, Cottrell relies on its argument in its previous motion for summary judgment (Doc. 159).  However, the Court denied Cottrell's motion, finding that there remained a question of fact as to whether Rosenburg's accident was caused by a design defect or by user negligence. (Doc. 235).  Because the Court found that summary judgment as to the issue of Cottrell's liability was inappropriate, Cottrell's argument, here, also fails.

---

[1] A correct statement of the standard under which punitive damages are recoverable in Illinois is that they are recoverable only "where the alleged misconduct is outrageous *either* because the acts are done with malice or an evil motive *or* because they are performed with a reckless indifference toward the rights of others." **Parks v. Wells Fargo Home Mortgage, Inc., 398 F.3d 937, 942 (7th Cir. 2005) (quoting *Smith v. Prime Cable of Chicago*, 276 Ill.App.3d 843, 658 N.E.2d 1325, 1336 (1995)) (emphasis added)**.  "Ordinary negligence does not support an award of punitive damages. This means that [Plaintiffs must] prove more than 'mere inadvertence, mistake, [or] errors of judgment.'" ***Id*. (quoting *Loitz,* 138 Ill.2d 404, 63 N.E.2d at 402)**.  Plaintiffs must demonstrate that the defendant exhibited a "conscious and deliberate disregard" for their rights.  ***Id.*(quoting *Burke v. 12 Rothschild's Liquor Mart, Inc*., 148 Ill.2d 429, 593 N.E.2d 522, 531 (1992))**

Cottrell asserts that punitive damages are inappropriate because the Rosenburgs can show neither conduct on the part of Cottrell rising to the level of outrageous conduct, malice or evil motive, as required under Illinois law, nor a high level of reprehensibility, as required under the Fourteenth Amendment.

First, the Court notes that Cottrell's motion, as to both its state law and constitutional arguments, is so lacking in citation to the record and in factual development that it is unclear whether the burden has shifted to the Rosenburgs. Cottrell's argument on the state law issue consists of approximately one page of citation to law, without application to the facts of this case, followed by the statement that the Rosenburgs have not presented competent, admissible evidence. Similarly, the constitutional argument is approximately one-half page of law, without application to the facts of this case, followed by the statement that the Rosenburgs have failed to develop sufficient evidence. This can scarcely be said to meet the standard for summary judgment.

Equally, the Rosenburgs have failed to provide the Court with a clear, reasoned response to Cottrell's motion for summary judgment. The Rosenburgs have submitted sixty-three exhibits in support of their response, reminding the Court of the maxim that the Court is not required to "fish a gold coin from a bucket of mud." ***United States of America by and through Joseph E. Garst v. Lockheed-Martin Corp.*, 530 F.3d 374, 378 (7th Cir. 2003).** The exhibits themselves are unauthenticated and lack the requisite indicia of reliability to serve as competent evidence sufficient to defeat Cottrell's motion for summary judgment. ***See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1992);** *see also Cox v. National Football League***, 29 F.Supp.2d 463, 467 (N.D.Ill. 1998) ("When . . . a defendant moves for summary judgment on the ground that the plaintiff lacks evidence of an essential element of his claim,**

**the plaintiff is required by Fed. R. Civ. P. 56, if he wants to ward off the grant of the motion, to present evidence of evidentiary quality.");** *Martz v. Union Labor Life Ins. Co.*, **757 F.2d 135, 137 (7th Cir. 1985) ("When a party seeks to offer evidence through other exhibits, they must be identified by affidavit or otherwise made admissible in evidence.")**. Thus, the Rosenburgs' response can scarcely be said to meet the standard for defeating a motion for summary judgment.

Because neither party has clearly carried its burden, the Court will deny Cottrell's motion, without prejudice, and will take up the issue of punitive damages at the Rule 50 stage of the proceedings.

### IV.   Conclusion

For the above-stated reasons, the Court **DENIES without prejudice** Cottrell's motion for summary judgment on punitive damages (Doc. 184)

**IT IS SO ORDERED.**

**DATED this 24th day of April, 2007**

                                      s/Michael J. Reagan
                                      **MICHAEL J. REAGAN**
                                      **United States District Judge**