UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY E. ROSENBERG and<br>DEBBIE ROSENBERG,<br><br>    Plaintiffs,<br><br>v.<br><br>COTTRELL, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 05-545-MJR<br>)<br>)<br>)<br>) |

### ORDER ON MOTIONS IN LIMINE

**REAGAN, District Judge:**

Plaintiffs and Defendant have filed various motions in limine seeking the exclusion of certain testimony at trial (Docs. 224, 225, 226, 227, 229, 230, 231, 232, 236, 248, 257 and 258). The purpose of a motion in limine is to allow the trial court to rule on the relevance and admissibility of certain evidence before it is offered at trial. *See Luce v. United States,* **469 U.S. 38, 41, n. 4 (1984) (noting that "although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"); Fed.R.Evid. 104(a) ("Preliminary questions concerning the qualification of a person to be a witness . . . or the admissibility of evidence shall be determined by the court. . . .")**.

The motion in limine is not found in the Federal Rules of Civil Procedure nor the Federal Rules of Evidence. *Deghand v. Wal-Mart Stores, Inc.,* **980 F.Supp. 1176, 1179 (D.Kan.1997)**. It serves to ". . . aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without

1

lengthy argument at, or interruption of, the trial." ***Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996) (***quoting Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.,* 652 F.Supp. 1400, 1401 (D.Md. 1987))**. It also may save the parties time, effort and cost in preparing and presenting their cases. ***Pivot Point Intern., Inc. v. Charlene Products, Inc.*, 932 F.Supp. 220, 222 (N.D.Ill. 1996)**. At the same time, it is often the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there. ***See Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir.),** *cert. denied,* **423 U.S. 987 (1975);** ***Hunter v. Blair,* 120 F.R.D. 667 (S.D.Ohio 1987).**

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. ***Plair v. E.J. Brach & Sons, Inc.*, 864 F.Supp. 67, 69 (N.D.Ill. 1994)**. The court may deny a motion in limine when it ". . . lacks the necessary specificity with respect to the evidence to be excluded." ***National Union v. L. E. Myers Co. Group,* 937 F.Supp. 276, 287 (S.D.N.Y. 1996)**. At trial, the court may alter its limine ruling based on developments at trial or on its sound judicial discretion. ***Luce v. United States,* 469 U.S. 38, 41 (1984)**. "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." ***Hawthorne Partners v. A T & T Technologies, Inc.,* 831 F.Supp. 1398, 1401 (N.D.Ill. 1993)**. Denial only means that the court cannot decide admissibility outside the context of trial. ***Plair,* 864 F.Supp. at 69**. A court considering a motion in limine may reserve judgment until trial, so that the motion is placed "in an appropriate factual context." ***Nat'l Union Fire Ins. Co.* at *id.*** The Court's ruling regarding a motion in limine is "subject to change when the case unfolds" at trial. ***Luce,* 469 U.S. at 41-42 (noting that ". . . even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling")**. The Court

should exclude evidence on a motion in limine ". . . only when the evidence is clearly inadmissible on all potential grounds." *Commerce Funding Corp. v. Comprehensive Habilitation Servs.*, **2005 WL 1026515, \*3 (S.D.N.Y. 2005)**.  Guided by these standards, the Court will now rule on the parties' motions in limine.

**Doc. 224:** Cottrell, Inc.'s, motion in limine regarding the Irvine Report -
That the Court prohibit plaintiffs, plaintiffs' counsel and plaintiffs' expert witnesses from referencing the Irvine report in any manner is **DENIED** at this time since the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation, and so a ruling at this juncture would be premature.

**Doc. 225:** Cottrell, Inc.'s, motion in limine regarding the 1991 GM Haulaway minutes -
That the Court prohibit plaintiffs, plaintiffs' counsel and plaintiffs' expert witnesses from referencing the GM Haulaway report in any manner is **DENIED** at this time since the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation, and so a ruling at this juncture would be premature.

**Doc. 226:** Cottrell, Inc.'s, motion in limine regarding the Leaseway document -
That the Court prohibit plaintiffs, plaintiffs' counsel and plaintiffs' expert witnesses from referencing the Leaseway document in any manner is **DENIED** at this time since the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation, and so a ruling at this juncture would be premature.

**Doc. 227:** Cottrell, Inc.'s, motion in limine regarding the Anchor Motor Freight study -
That the Court prohibit plaintiffs, plaintiffs' counsel and plaintiffs' expert witnesses from referencing the Anchor Motor Freight studies in any manner is **DENIED** at this time since the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation, and so a ruling at this juncture would be premature.

**Doc. 229:** Cottrell, Inc.'s, motion in limine regarding the BJC document -
That the Court prohibit plaintiffs, plaintiffs' counsel and plaintiffs' expert witnesses from referencing the BJC document in any manner is **DENIED** at this time since the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation, and so a ruling at this juncture would be premature.

**Doc. 230:** Cottrell, Inc.'s, motion in limine regarding the Flanagan Report from *Hepner v. Delavan* -
That the Court prohibit plaintiffs, plaintiffs' counsel and plaintiffs' expert witnesses from referencing the Flanagan Report in any manner is **DENIED** at this time since the admissibility

of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation, and so a ruling at this juncture would be premature.

**Doc. 231:** Cottrell, Inc.'s, motion in limine regarding the 1990 Ryder ACD document -

That the Court prohibit plaintiffs, plaintiffs' counsel and plaintiffs' expert witnesses from referencing the 1990 ACD document in any manner is **DENIED** at this time since the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation, and so a ruling at this juncture would be premature.

**Doc. 232:** Cottrell, Inc.'s, motion in limine regarding the Miller document -

That the Court prohibit plaintiffs, plaintiffs' counsel and plaintiffs' expert witnesses from referencing the Miller document in any manner is **DENIED** at this time since the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation, and so a ruling at this juncture would be premature.

**Doc. 236:** Cottrell, Inc.'s, motion in limine regarding the Drury Reports and the Mayne Report -

That the Court prohibit plaintiffs, plaintiffs' counsel and plaintiffs' expert witnesses from referencing the interim Drury report, the final Drury report and the Mayne report in any manner is **DENIED** at this time since the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation, and so a ruling at this juncture would be premature.

**Doc. 248:** Plaintiffs' motion in limine with subparts -

1. That the Court prohibit the introduction of any evidence that Plaintiff has consumed illegal drugs or alcoholic beverages is **GRANTED** by agreement as to drugs (*see* Doc. 275-1, p. 1) and **GRANTED** over objection of Defendant as to alcohol, *see* **FRE 403**;

2. That the Court prohibit the introduction of any evidence of Plaintiff's smoking habits is **DENIED**;

3. That the Court prohibit the introduction of any evidence of traffic tickets, criminal arrests or convictions of Plaintiffs is **GRANTED** by agreement (*see* Doc. 275-1, p. 1);

4. That the Court prohibit any reference to prior marriages and divorces of Plaintiffs, including marital separations, is **GRANTED** by agreement (*see* Doc. 275-1, p. 1);

5. That the Court prohibit the introduction of any evidence of other injuries to Plaintiff is **DENIED**;

6. That the Court prohibit the introduction of any evidence of collateral sources, including medical insurance and health or accident benefits is **GRANTED** by agreement (*see* Doc. 275-1, p. 1);

7. That the Court prohibit any reference to the action, inaction or fault of non-parties (Plaintiff's employer, automobile manufacturers and any others) which Defendant did not join as a third party defendant is **DENIED**, *see Leonardi, Admr. Of the Estate of Michela Lopez, et al. vs. Loyola Univ. of Chicago et al.,* **168 Ill. 2d. 83 (1995)**;

8. That the Court prohibit the introduction of any evidence that Plaintiffs' recovery is not subject to federal income taxes is **GRANTED**;

   9. That the Court prohibit the introduction of any evidence supportive of Cottrell's affirmative defenses numbered 1, 4, 5, 6, 7, 8, 9, 12, 13, 15, 16, 17, 18, 19, 20, 21 and 35 is **DENIED** as over broad and lacking the specificity required of a motion in limine;

   10. That the Court prohibit any reference to the contents of any training or warnings supplied to others, including warnings in any shipping/loading manual, Cottrell's "Operator's Manual" or other general instructions which may have been issued regarding ratchets or chains is **DENIED**;

   11. That the Court prohibit any reference to other lawsuits filed by Plaintiffs' counsel or the representation by either of Plaintiffs' counsel here of other plaintiffs who have filed suit is **DENIED**;

   12. That the Court prohibit any reference to the Lakin Law Firm other than to ask in voir dire if any juror has ties to the firm is **DENIED** as over broad and lacking the specificity required of a motion in limine;

   13. That the Court prohibit any reference to a reported 4/24/03 injury is **DENIED**;

   14. That the Court prohibit any reference to other courts' rulings barring Plaintiffs' expert from testifying is **GRANTED**;

   15. That the Court prohibit any reference to any opinions by Elwood Feldman is **GRANTED** by agreement (*see* Doc. 275-1, p. 1);

   16. That the Court prohibit any reference to the number of uses of Defendant's product or numbers of cars hauled is **DENIED** as over broad and lacking the specificity required of a motion in limine; and

   17. That the Court prohibit any reference to Defendant's warranty disclaimer is **GRANTED** as unopposed.

**Doc. 257**: Cottrell, Inc.'s, motion in limine to exclude evidence of damages arising out of Plaintiff's medical condition allegedly caused by the April 28, 2003, incident due to lack of evidence

   That the Court exclude any evidence of Plaintiffs' medical damages or lost wage damages attributable to a medical condition is **DENIED**.

**Doc. 258**: Cottrell, Inc.'s, consolidated motion in limine, with subparts -

   1. That the Court preclude reference to Cottrell's pretrial discovery positions in this and other litigation is **DENIED** as over broad, vague and lacking the specificity required of a motion in limine;

   2. That the Court preclude reference to the size, locations or specialization of defenses counsel's law firm is **GRANTED**;

   3. That the Court preclude any reference to disputes between Plaintiff and his employer is **DENIED** as over broad and vague and lacking the specificity required of a motion in limine;

   4. That the Court preclude evidence or testimony related to Plaintiff's lost wages or medical expenses unless it was timely disclosed to Cottrell during discovery is **DENIED** as a "boilerplate" motion not tailored to the facts of this case;

5. That the Court preclude Plaintiffs, their attorneys and their experts from making any reference to the terms "strictly liable" and/or "strict liability" in the presence of the jury is **DENIED** as a "boilerplate" motion not tailored to the facts of this case;

6. That the Court preclude any reference to or argument or evidence that Cottrell should have adopted design changes which are claimed to merely be "safer" is **DENIED**;

7. That the Court preclude reference to any changes in the rig's design, including warnings/instruction manual, subsequent to the accidents is **DENIED** without prejudice to restate at trial after an attempt to lay a foundation has been made. *See* **FRE 407**;

8. That the Court preclude introduction of evidence that other alternative designs were feasible that were not present when the trailer was manufactured in 2002 is **DENIED** as over broad, vague and lacking the specificity required of a motion in limine;

9. That the Court preclude Plaintiffs from referring to alleged defects in the rig not specifically related to Plaintiff's accidents is **GRANTED**;

10. That the Court preclude Plaintiffs from attempting improperly to impeach witnesses is **DENIED** without prejudice to restate at trial, if necessary. This subject matter is covered by the Federal Rules of Evidence, making a motion in limine unnecessary;

11. That the Court preclude Plaintiffs from imputing the knowledge of other manufacturers to Cottrell is **DENIED** at this time since the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation, and so a ruling at this juncture would be premature;

12. That the Court preclude Plaintiffs from making arguments that Cottrell should have informed its employees and customers of what Plaintiffs' counsel inappropriately refer to as "industry reports," requested accident and injury reports and training records, or should have conducted additional investigation into injuries allegedly caused by other Cottrell trailers is **DENIED** at this time since the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation, and so a ruling at this juncture would be premature;

13. That the Court preclude Plaintiffs from all references to or evidence of other incidents, injuries, claims or lawsuits not substantially similar to Plaintiff's accident is **DENIED** at this time since the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation, and so a ruling at this juncture would be premature;

14. That the Court preclude references to statements contained in Cottrell's patent applications is **DENIED** at this time since the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation, and so a ruling at this juncture would be premature;

15. That the Court preclude Plaintiffs from referring to punitive damages, including during voir dire and opening statements is **DENIED**;

16. That the Court preclude any reference to the fact that Cottrell did not invite Plaintiffs' counsel or experts to be present when Cottrell's experts performed their testing, evaluation or preparation is **DENIED**;

17. That the Court preclude any expert opinions not timely and adequately disclosed is **DENIED** as a "boilerplate" motion not tailored to the facts of this case;

18. That the Court preclude evidence of Plaintiff's previous shoulder injury on the trailer is **GRANTED** by agreement (*see* Doc. 273-1, p. 20);

        19.    That the Court preclude any evidence that the chain at issue went over the ratchet barrel at the time of either accident is **DENIED**;

        20.    That the Court preclude references to Plaintiff's having a permanent injury that would prevent him from returning to work is **DENIED**;

        21.    That the Court preclude references to the *Brdar v. Cottrell* verdict, its amount, the result of any appeal, or other verdicts or settlements in car-hauler cases is **GRANTED**;

        22.    That the Court preclude references or questions as to how many times Cottrell has been sued or how many times a witness has testified before this trial is **GRANTED** as to how many times Cottrell has been sued and **DENIED** as to how many times a witness has testified before this trial;

        23.    That the Court preclude questions as to whether Cottrell's witness "like" Plaintiffs' counsel is **GRANTED**. *See* **FRE 403**;

        24.    That the Court preclude references to Cottrell's motion for summary judgment being denied in this case is **GRANTED** by agreement (*see* Doc. 273-1, p. 24);

        25.    That the Court preclude Plaintiffs' speculative testimony that other drivers will not testify because of fear of repercussions from their employer is **GRANTED**;

        26.    That the Court preclude questions regarding individual compensation of Cottrell employees is **DENIED** as over broad and lacking the specificity required of a motion in limine;

        27.    That the Court preclude Plaintiffs from designating and identifying as an exhibit GM Haulaway notes of Larry Yavoski reflecting the statement of non-Cottrell employee Bill Warnick is **DENIED** as over broad and lacking the specificity required of a motion in limine; and

        28.    That the Court preclude Plaintiffs from admitting evidence of injury reports of other drivers from Cassens is **DENIED** as over broad and lacking the specificity required of a motion in limine.

        For docketing purposes, Cottrell, Inc.'s motions in limine (Docs. 224, 225, 226, 227, 229, 230, 231, 232, 236 and 257) are **DENIED**; Plaintiffs' motion in limine (Doc. 248) is **GRANTED in part and DENIED in part**; and Cottrell's consolidated motion in limine (Doc. 258) is **GRANTED in part and DENIED in part**.

        **IT IS SO ORDERED.**

        **DATED this 12th day of July, 2007**

        **s/Michael J. Reagan**
        **MICHAEL J. REAGAN**
        **United States District Judge**